[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
The plaintiff Joseph Ryan brings this action against the City of New Haven to recover damages as a result of injuries which he allegedly suffered on September 29, 1998.
The plaintiff claims in his complaint that on the above date he was operating a garbage truck in his capacity as an employee of the Public Works Department of the City and was doing so on Dump Road in the City of New Haven in the vicinity of the city transfer station.
The plaintiff further alleges that while he was operating this truck as CT Page 5741-bu described above, the rear cargo portion thereof suddenly and without warning, raised from the body of the truck and struck overhead utility wires which it is alleged crossed Dump Road at a point approximately half way up utility poles on either side of the road.
The plaintiff alleges that as a result thereof the truck which he was operating flipped over and collided with a tree thereby causing his injuries.
The plaintiff claims that the above events were caused by the reckless and/or wanton and/or willful misconduct of the defendant acting through its agents, servants or employees.
As to each allegation the plaintiff alleges the following:
"[A]lthough it knew of the existence of the above described overhead utility wires across Dump Road, and knew that when the rear cargo portion of its garbage truck separated and raised from the truck body while it was being operated on Dump Road it could strike these overhead utility wires resulting in a loss of control of the vehicle, a collision, and injuries to the drivers . . ."
Based upon such claims the plaintiff alleges that the City (1) required the plaintiff to operate the garbage truck on Dump Road knowing that it lacked functioning warning systems designed to warn a driver that the rear cargo portion had separated and raised; (2) although it knew that the truck lacked properly functioning systems designed to warn the drive that the rear cargo porition has separated and raised, it refused to repair and/or install the systmes before requiring the plaintiff to operate the garbage truck on Dump Road; (3) although it knew that said truck lacked a functioning system to prevent the rear cargo portion from raising while being driven, it required the plaintiff to operate the truck on Dump Drive; (4) refused to repair or install a functioning system designed to prevent the rear cargo portion from raising while being driven before requiring the plaintiff to operate the truck on Dump Road; and (5) required the plaintiff to operate this truck under the above conditions when there were other trucks available which contained these safety systems.
The plaintiff alleges as to each of the above specifications that the acts or omissions were responsible for "creating a dangerous condition which made the plaintiff's injuries substantially certain to occur in reckless disregard of the consequences of its actions and the safety of the plaintiff." CT Page 5741-bv
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v. Fusco Corp., 231 Conn. 383
n. 2 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systmes, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
The defendant's motion to strike is based upon the exclusivity of the Worker's Compensation Act. The plaintiff seeks to avoid such exclusivity by alleging that the City engaged in intentional misconduct which caused the creation of a dangerous condition which made his injuries substantially certain to occur, thus invoking the standards set forth inSuarez v. Dickmont Plastics Corp., 242 Conn. 255, 257-58 (1997).
Under the criteria set forth in Suarez, the plaintiff must allege facts to establish that the defendant actually intended to injure the plaintiff or that the employer intentionally created a dangerous condition that made the plaintiffs' injuries substantially certain to occur. The characteristic element of willful misconduct is the design to injure either actually entertained or to be implied from the conduct and circumstances. Melanson v. West Hartford, 61 Conn. App. 638, 688, (2001). The plaintiff has made no claim that the defendant actually intended to injure him.
What the plaintiff has essentially alleged is that the defendant required that he operate this particular truck to the exclusion of others knowing that the rear portion thereof could suddenly elevate without warning causing it to strike overhead wires if this event happened to take place at that part of Dump Road where such wires crossed the road at a certain height. In the courts view, such allegations are not sufficient to meet the criteria of the substantial certainty test set forth inSuarez. A high risk or probability of harm is not the equivalent to the substantial certainty without which an actor cannot be said to intend the harm from which his act results. Mingachos v. CBS, Inc. 196 Conn. 91, 101
(1985).
As was stated by Justice Peters in Melanson, supra at p. 689, "even if the allegations somehow could be stretched to encompass a claim for intentional misconduct generally, the complaint provides no factual basis for a finding that the town was substantially certain that the specific injury that the plaintiff suffered would occur.
Additionally, even if the complaint was to survive the first basis of CT Page 5741-bw the defendants' motion to strike, the plaintiff cannot prevail under the test of alter ego liability articulated in Jett v. Dunlap, 179 Conn. 215,219 (1979).
The plaintiff alleges that his injuries were caused by the acts or omissions of the defendant "acting through its agents, servants, or employees." "The alter ego theory of corporate responsibility permits access to tort remedies only if the person committing the intentional tort can be characterized as the alter ego of the corporation. If the assailant is of such rank in the corporation that he may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity, then attribution of corporate responsibility for the actor conduct is appropriate. It is inappropriate where the actor is merely a foreman or supervisor. Jett v. Dunlap, supra at p. 219. In this case not only does the plaintiff fail to allege that the persons guilty of the acts or omissions alleged were of such a position in the City that they constituted its "alter-ego", such individuals are not identified except as agents, servants or employees.
For the above reasons therefore, the defendants' motion to strike the complaint is granted.[1]
Bruce W. Thompson, Judge